**U.S. DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **NAUTILUS INSURANCE COMPANY,**  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>**CLAUDEMIR DEARAUJO, ANDERSON G.**  )<br>**TEIXERIA AND S&J TREE SERVICE &**  )<br>**LANDSCAPE, INC.**  )<br>)<br>Defendant.  ) | **CIVIL ACTION NO.:**<br>**20-** |

## COMPLAINT FOR DECLARATORY RELIEF

### I. PRELIMINARY STATEMENT

1. This Complaint for Declaratory Relief seeks a determination of the rights and responsibilities of the parties pursuant to a policy of insurance issued by the Plaintiff to S&J Tree Service & Landscape, Inc. as regards a pending personal injury law suit that Claudemire DeAraujo has brought against S&J Tree Service & Landscape, Inc. for injuries that he suffered at a job site on December 30, 2015 while working for a subcontractor of S&J Tree Service & Landscape, Inc.  For the reasons detailed below, said claims are subject to an exclusion for losses involving Contractors and Subcontractors (Form L282), and Nautilus should therefore be relieved of any continuing duty to defend or otherwise providing coverage for Mr. DeAraujo's claims against its insured, S&J Tree Service & Landscaping, Inc.

### II. THE PARTIES

2. Nautilus Insurance Company is an insurance company incorporated in the State of Arizona that maintains a principal place of business at 7233 East Butherus Drive in Scottsdale, Arizona.

1

3. S&J Tree Service & Landscaping, Inc. is a Massachusetts corporation located at 219 Union Street in Randolph, Massachusetts.

4. Claudemir DeAraujo resides at 27 Spooner Road in Plymouth, Massachusetts.

5. Anderson G. Teixeria resides at 141 Memorial Drive in Randolph, Massachusetts.

## III. JURISDICTION AND VENUE

6. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 et seq. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is a complete diversity of citizenship among the parties, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

7. Venue is proper in this judicial district and division because defendants are both located here and because the insurance policies that are at issue in this case were all issued in Massachusetts.

## IV. STATEMENT OF THE CLAIM

**Statement of the Facts**

8. S&J Tree Service & Landscape, Inc. (hereafter "S&J Tree Service") is a small landscaping company that is jointly owned by Anderson G. Teixeira and another individual.

9. On or about December 30, 2015, an individual named Edward G. Daly hired S&J Tree Service & Landscape, Inc. to remove a tree from a vacant lot on Truelson Drive in Randolph, Massachusetts.

10. At the time, Teixeira was embroiled in a dispute with his co-owner which prevented him from obtaining access to S&J Tree Service's own heavy equipment for removing trees.

11. As a result, Teixeira was obliged to subcontract the work to a company known as "Tree Brothers" that is owned by Luan de Souza.

12. Claudemir DeAraujo is a Brazilian national who emigrated to the United States in November 2015.

13. At the time of the events in question, DeAraujo was living in the home of Luan de Souza at 1 Rosemary Drive in Randolph, Massachusetts.

14. During November and December 2015, DeAraujo worked on several small jobs for Tree Brothers, including the Daly job in Randolph on December 30.

15. DeAraujo was injured on December 30 when Anderson Teixeira, who was winching up the felled tree, accidentally dropped it on DeAraujo, breaking his leg in three places.

16. Following the accident, DeAraujo applied for and received worker's compensation benefits.

17. Because Tree Brothers' coverage had lapsed, these benefits were paid by the employer's liability insurer for S&J Tree Services.

18. On October 17, 2017, DeAraujo filed suit against S&J Tree Service & Landscape, Inc., Anderson Teixeira and Edward G. Daly in the Plymouth County Superior Court.[1]

19. In his Complaint, DeAraujo alleges that each of the defendants "acted so negligently at a construction site at Truelson Drive, Randolph, Massachusetts, so as to cause

---

[1] A true and accurate copy of the DeAraujo Complaint is attached as Exhibit A to this Complaint.

the plaintiff to suffer, severe personal injuries, some or all of which may be permanent in nature."

### The Nautilus Insurance Policy

20. At the time of the events in question, S&J Tree Service & Landscaping, Inc. was insured by Nautilus Insurance Company (hereafter "Nautilus") under a commercial general liability policy (Policy No. NN623574).[2]

21. Pursuant to the Insuring Agreement for this policy, Nautilus agreed to pay for the defense of suits seeking damages on account of accidental bodily injury or property damage as follows:

**COVERAGE A: Bodily Injury and Property Damage**

**Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result…

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory".

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or

---

[2] A true and accurate copy of Policy NN623574 is attached as Exhibit B to this Complaint.

4

"property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur…

22. This grant of insurance coverage is subject to various exclusions in the main body of the policy.

23. Exclusion D states this policy does not apply to:

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

24. Exclusion E in the main body of the policy states this policy does not apply to:

"Bodily injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:

>> **(a)** Employment by the insured; or
>>
>> **(b)** Performing duties related to the conduct of the insured's business; or
>
> **(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.
>
> This exclusion applies:
>
> **(1)** Whether the insured may be liable as an employer or in any other capacity; and
>
> **(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> This exclusion does not apply to liability assumed by the insured under an "insured contract"

The policy defines the term "employee" as follows:

> "Employee" includes a "leased worker".  "Employee" does not include a "temporary worker".
>
> Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".
>
> Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

25. Additionally, certain exclusions are contained in endorsements that were attached to the main body of the policy, including a Contractors and Subcontractors Endorsement (Form L282) which states that:

> **EXCLUSION—CONTRACTORS AND SUBCONTRACTORS**
>
> This insurance does not apply to "bodily injury," or "property damage", "personal and advertising" or medical payments arising out of work performed by any contractor or subcontractor whether hired by or on behalf of any insured, or any acts or omissions in connection with the general supervision of such work.

6

**Nautilus' Defense of Its Insured**

26. Upon receiving a copy of the DeAraujo Complaint from its insured's broker, Nautilus agreed to defend S&J Tree Service and Anderson G Teixeira and appointed the Boyle Shaughnessy law firm to represent their interests.

27. As detailed in a March 23, 2018 reservation of rights letter to S&J Tree Service and Mr. Teixeria, Nautilus reserved its rights with respect to whether it owed coverage for Claudemire DeAraujo's claim, citing Exclusions D and E in the main body of the CGL form, an endorsement excluding coverage for punitive damages and the L282 Contractor and Subcontractor exclusion endorsement.

28. The DeAraujo suit remains pending in the Plymouth Superior Court and is not yet scheduled for trial.

## V. CLAIM FOR DECLARATORY RELIEF

29. Nautilus, realleges and incorporates by reference the allegations contained in Paragraphs 1-28 of its Complaint as if fully set forth herein.

30. The Contractors and Subcontractors Endorsement (Form L282) in the Nautilus Policy states that:

> This insurance does not apply to "bodily injury," or "property damage", "personal and advertising" or medical payments arising out of work performed by any contractor or subcontractor whether hired by or on behalf of any insured, or any acts or omissions in connection with the general supervision of such work.

31. Claudemire DeAraujo suffered injury while working as an employee of a contractor (Tree Brothers) that was hired by the named insured (S&J Tree Service & Landscaping).

32. Because the L282 endorsement applies to these claims, Nautilus has no duty to defend or otherwise afford coverage for them and a judgment should enter relieving if of

7

any continuing participation in the defense of its policyholder S&J Tree Service & Landscaping, Inc. or Anderson G. Teixeira

**WHEREFORE**, the Plaintiff Nautilus Insurance Company respectfully requests that this Honorable Court declare and adjudicate the rights, duties and responsibilities of the parties under the terms and provisions of Policy No. NN623574 and issue a judicial declaration that this policy does do not provide coverage for claims that Claudemir DeAraujo has brought against S&J Tree Service and Landscaping, Inc. and Anderson G. Teixeira and that Nautilus therefore has neither a duty to defend S&J Tree Service and Landscaping, Inc. or Anderson G. Teixeira, nor a duty to indemnify them for any settlement or judgment for Claudemir DeAraujo and for other and further relief as this Honorable Court deems just and proper.

        **PLAINTIFF,**
        **NAUTILUS INSURANCE COMPANY**

        **By its attorney,**

      By: /s/ Michael Aylward
        Michael F. Aylward, BBO #024850
        **MORRISON MAHONEY LLP**
        250 Summer Street
        Boston, MA  02210
        Tel: (617) 439-7556
        Fax: (617) 342-4913
        *maylward@morrisonmahoney.com*

Dated:   August 12, 2020